IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MIKE REDFORD, | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:19-CV-00279-MTT-MSH |
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA, *et al.*, | : | |
| Respondents. | : | |

## ORDER

*Pro se* Petitioner Mike Redford, a prisoner most recently incarcerated in the Calhoun State Prison in Morgan, Georgia, filed in this Court a document that was docketed as a federal petition for writ of habeas corpus (ECF No. 1). Because it was unclear precisely what relief Plaintiff sought, the United States Magistrate Judge ordered Petitioner to recast his pleading on the appropriate form. Petitioner was also ordered to either pay the required filing fee or file a motion for leave to proceed *in forma pauperis*. Petitioner was given twenty-one (21) days to comply and warned that failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Petition. *See generally* Order, Aug. 8, 2019, ECF No. 3.

The time for compliance passed, and although Petitioner submitted a recast habeas corpus petition in accordance with the Court's previous orders and instructions, Petitioner failed to pay a filing fee or file a motion for leave to proceed *in forma pauperis*. Accordingly, the United States Magistrate Judge ordered Petitioner to respond and show

cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Petitioner was again given twenty-one (21) days to respond, and he was warned that the failure to fully and timely comply with the Court's order would result in the dismissal of his Petition. *See generally*, Order, Aug. 23, 2019, ECF No. 5.

Petitioner timely filed a response to the Show Cause Order. In this document, Petitioner apparently contends that his case should not be dismissed because it involves "undisputed material facts of great constitutional magnitude." Pet'r's Resp. 1, ECF No. 6. Petitioner has failed, however, to pay the Court's filing fee or file a motion for leave to proceed *in forma pauperis*, and his response to the Show Cause Order is devoid of any explanation for this failure. Petitioner's failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Petitioner's Petition is therefore **DISMISSED without prejudice.**

To the extent that this action can be construed as one requiring a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 2nd day of December, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT